IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-CR-00181-RJC-DCK

| USA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JORDAN LEE MOORE | ) | |
| | ) | |

**THIS MATTER** is before the Court upon the defendant's Motion to Review Bond Revocation and Order of Detention. (Doc. No. 21).

The defendant was indicted for allegedly interfering with a transportation security officer and other law enforcement officers by assaulting them at the Charlotte airport on or about March 30, 2017. (Doc. No. 3: Indictment). The defendant was released on bond at his initial appearance before a magistrate judge on June 23, 2017. (Doc. No. 6: Appearance Bond). One of the conditions of release required the defendant to report to the Office of Probation and Pretrial Services (USPO) "to the extent and in the manner that the agency determines to be appropriate." (Doc. No. 7: Order at 2). It was expected that the defendant would be supervised in the Middle District of North Carolina (MDNC) where he lives. (Doc. No. 16: Bond Hr'g Tr. at 17-18). The Clerk's Office issued a Notice on June 28, 2017, setting a bond hearing on June 30, 2017. The USPO filed a pretrial report on June 29, 2017. (Doc. No. 13).

At the hearing, the magistrate judge explained that he set the matter after a local probation officer forwarded a report from an MDNC probation officer about the defendant's belligerent reaction when he was directed to report for curtesy supervision. (Doc. No. 16: Bond Hr'g Tr. at 4-5). The government moved orally, pursuant to 18 U.S.C. § 3148(a), to reconsider his bond based on that conduct, a situation prior to the defendant's initial appearance when he

allegedly threatened to kill law enforcement officers, and his nearly contemptuous behavior at the initial appearance.[1] (Id. at 8-9). The defendant's then-appointed counsel argued that they were not in court for a bond revocation hearing because the government had not filed a written motion. (Id. at 9). The magistrate judge noted his obligation to act when the defendant was not being supervised according to his release conditions, (Id. at 18), and received testimony from three local probation officers. The defendant did not move for a continuance to prepare for the hearing.

The evidence showed that the defendant failed to remain at the courthouse to meet with a local probation officer after the initial appearance on June 23 and told court security officers, "I don't have time for this. I've already talked to enough people." (Id. at 29). Later that day, he challenged another local probation officer as to whether he was required to report in person, although he did later appear at the Charlotte office. (Id. at 37). The defendant was instructed to contact the MDNC probation office by noon on June 26. (Id. at 25).

When the defendant failed to do so, the MDNC probation officer called the defendant on June 28. (Id. at 25). The defendant claimed he did not know he was supposed to call, although he had signed a document stating he understood he was supposed to contact that office. (Id.). The MDNC probation officer directed the defendant to report on June 29 to go over his release conditions, take a photograph, and submit a urine sample, but the defendant interrupted the officer, raised his voice, and countered that he had already done those things in Charlotte and did not see why he had to do that again. (Id. at 4, 27). The probation officer hung up as the defendant was yelling at him, which he did again when the defendant called him back and

---

[1] A transcript of the initial appearance has not been produced, but the Court reviewed a recording of the proceedings. After several warnings, the magistrate judge advised the defendant that if he interrupted the court one more time he would remain in custody.

2

continued yelling. (Id. at 5).  The defendant also called the probation officer's supervisor and "dropped a couple MFs on [him]." (Id. at 23).  The probation officer later left the defendant a message telling him not to report because he would not be supervised by the MDNC based on his unwillingness to cooperate. (Id. at 5).  The probation officer considered the defendant "a ticking time bomb." (Id. at 24-27).

The magistrate judge concluded the defendant "had a record from the time he came in here of not cooperating with probation and then, number one, disobeying orders from probation officers and, number two, doing it in a very defiant and disrespectful way;" thus, he was not amenable to supervision and following conditions of release. (Id. at 47).  In his written Order, the magistrate judge made detailed factual findings about the defendant's behavior and concluded "Defendant will not comply with conditions to assure his appearance." (Doc. No. 15 at 3).

A district court is required to make an independent, de novo determination when acting on a motion to revoke or amend a magistrate judge's pretrial detention order. United States v. Stewart, 19 Fed. Appx. 46, 48 (4th Cir. 2001)(citing United States v. Rueben, 974 F.2d 580, 585-86 (5th Cir. 1992).  However, a district court is not required to hold an additional evidentiary hearing as part of its review. United States v. King, 849 F.2d 485, 489-90 (11th Cir. 1988); United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989).  After conducting its independent review, a district court may explicitly adopt the magistrate judge's order without making duplicate findings or may state additional reasons supporting pretrial detention. King, 849 F.2d at 490-91.  Here, the Court has conducted a de novo review of the evidence presented before the magistrate judge and the entire record in this case.  The Court finds the magistrate judge's factual findings and legal conclusions were correct.

3

Current counsel argues that the Order should be reversed because the government did not file a formal motion to revoke the defendant's bond and the magistrate judge made no formal findings regarding the defendant's conduct. (Doc. No. 21: Motion at 6-7). However, a case in the Fourth Circuit cited by counsel, United States v. Roland, No. 1:05-mj-111, 2005 WL 2318866, at *6 (E.D. Va., Aug. 31, 2005), holds that § 3148 authorizes a court to act sua sponte when it appears release conditions have been violated. Section § 3148(b) mandates that when a judge finds clear and convincing evidence that a person has violated a condition of release and is unlikely to abide by any condition or combination of conditions of release, the judge shall enter an order of revocation and detention. Here, the magistrate judge's oral and written findings, (Doc. No. 15: Order at 3; Doc. No. 16: Bond Hr'g Tr. at 47), properly concluded that the defendant failed to report to the USPO as directed and that he was unlikely to abide by conditions of release in the future.

**IT IS, THEREFORE, ORDERED** that the defendant's Motion to Review Bond Revocation and Order of Detention, (Doc. No. 21), is **DENIED**.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: August 13, 2017

Robert J. Conrad, Jr.
United States District Judge