UNITED STATES DISTRICT COURT

FOR THE WESTERN DIVISION OF NORTH CAROLINA

CHARLOTTE DIVISION

FILED
CHARLOTTE, NC
APR 17 2018
US District Court
Western District of NC

| | |
|---|---|
| UNITED STATES OF AMERICA | Cr. No. 3:17-cr-00181-RJC-DCK |
| Plaintiff | |
| VS. | |
| JORDAN LEE MOORE | MOTION TO WITHDRAW PLEA |
| Defendant | |

Now comes the defendant, Jordan Lee Moore, Layman at Law, and respectfully moves this honorable court to withdraw his plea, entered Wednesday November 22, 2017, due to prosecutorial misconduct.

**I.   Introduction**

1. The defendant's attorney, Miranda J. Mills, met with the defendant at the Mecklenburg County Jail when she returned from maternity leave the week of November 13, 2017. She informed the defendant that the ass. U.S. attorney, Sanjeev Bhasker, would like to meet with the defendant and his family at the FBI building in two separate meetings in what is now known as reverse proffer. The lead FBI agent, along with attorney Mills, were also present at both meetings. The ass. U.S. attorney was to present new evidence to convince the defendant to sign a plea.

2. The first reverse proffer meeting was held Monday November 20, 2017 at the FBI building that included Miranda J. Mills, Sanjeev Bhasker, the lead investigating FBI agent, the defendants Mother, Anna L. Moore, and the defendants brother, LaRon A. Moore. No new evidence was presented to the family, however it was their first time seeing the prior existing evidence explained to them by the defendant and attorney Mills. Discussions also consisted of the sentencing guideline recommendation for the defendant's plea, along with discussions about the defendant being released at his bond hearing two weeks later.

3. The second reverse proffer meeting was held Tuesday November 21, 2017 at the FBI building that included Miranda J. Mills, Sanjeev Bhasker, the lead investigating FBI agent, and the defendant Jordan L. Moore. No new evidence was presented to the defendant.

1

4. After reviewing prior existing evidence, discussing the sentencing guideline recommendation for the defendant's plea, along with discussions about the defendant being released at his bond hearing two weeks later, the defendant signed a plea at the FBI building Tuesday November 21, 2017.

5. The defendant entered a plea agreement Wednesday November 22, 2017 presided over by Magistrate Judge David Cayer.

6. A bond hearing was held for the defendant Tuesday December 5, 2017 where the defendants bond remained secured and was not released by Magistrate Judge Keesler.

## II.  Facts

7. The defendant is charged with two counts of Interference with security screening Personnel, 49 U.S.C. 46503, with an alleged instant offense date of March 30, 2017.

8. Attorney Mills met with the defendant the week of November 13, 2017 when she returned from maternity leave. She informed the defendant that U.S. attorney Bhasker would like to meet with the defendant and the defendant's family at the FBI building. She stated that the U.S. attorney would like to present new evidence that consisted of phone conversations between the defendant and his family, along with a letter that the defendant emailed to TSA regarding his view of how the alleged instant offense took place on March 30, 2017. The letter was emailed to TSA before the defendant was indicted on June 23, 2017.

9. Attorney Mills suggested to the defendant that he sign a plea and not go to trial.

10. U.S. attorney Bhasker, attorney Mills, and the FBI agent held the first reverse proffer meeting with the defendant's Mother, Anna L. Moore, and the defendant's Brother, LaRon A. Moore on Monday November 20, 2017 at the FBI building.

11. The U.S. attorney did not present any new evidence that consisted of phone conversations or a letter from the defendant. Evidence from the discovery that was already seen by the defendant was presented to his family.

12. The defendants Mother and Brother asked the U.S. attorney if the charges could be lowered down to a misdemeanor for a plea, considering that the charges were initially misdemeanors on a state level. The U.S. attorney stated that his boss would not allow him to do it and he could not change the plea.

13. Bhasker told his family that if the defendant goes to trial and loses that he would suggest prison time for the defendant. Bhasker told the defendants family that he felt that the evidence would likely be enough for a jury to find the defendant guilty.

14. With acceptance of responsibility, the defendants projected guideline range that both parties have jointly agreed to is an offense level of 8, which is 4-10 months assuming the

defendant has criminal history level of 2. The lower end of 4-10 months would be recommended to the judge for a plea to count 1, dismissing count 2 according to the defendants lawyer and U.S. attorney.

15. However, the pre-sentencing investigation report, filed by the probation office, has the defendant at a criminal history level of 1, offense level 8, with a projection of 0-6 months. The defendant, who is still being held at Mecklenburg County Jail, has currently served 8 9 1/2 (As of April 13th 2018) months since detained on June 30, 2017.

16. The U.S. attorney told the defendant's family that because the defendant was already in the lower end range at the time, which was 5 months served of his projected guideline range of 4-10 months, that at the defendants bond hearing (held Tuesday December 5, 2017) he would recommend for the defendant to be released, unsecuring the defendant's bond, if he signed the plea.

17. The U.S. attorney told the defendant's family that the Judge always goes with the Governments recommendation.

18. Attorney Bhasker told the defendants Mother and Brother during their meeting, "I wanted him home with you all for Thanksgiving. Well at least you all can have Thanksgiving dinner next week when he gets out." This statement was made assuming the defendant's bong hearing would be held the following week of November 28, 2017, but was actually held Tuesday December 5, 2017.

19. The defendant's family may be called to attest to 10-18.

20. The defendant was picked up by 2 FBI agents from Meck. Co. Jail at approximately 12pm Tuesday November 21, 2017 and was brought to the FBI building.

21. The defendant met with the U.S. attorney, FBI agent, and attorney Mills on Tuesday November 21, 2017.

22. The defendant's attorney, Mrs. Mills, brought the defendant Jimmy Johns sub and Coca-Cola to comfort the defendant before speaking with the U.S. attorney.

23. When the meeting began U.S. attorney Bhasker started the meeting off by welcoming the defendant and acknowledging how nice of a family he has.

24. Bhasker told the defendant that he has a very nice Mother, and that it was really cool that his brother played football at the University of Notre Dame.

25. The defendant asked the U.S. attorney if the charges could be lowered to misdemeanors considering that they were originally charged as misdemeanors on a state level, and he said that his boss would not allow him to do it, and the plea had to remain the same.

26. Bhasker told the defendant that it was best for him to sign the plea and just move on with his life. Bhasker told the defendant that he was going to recommend for the Judge to unsecure his bond and that he be released until sentencing at the defendants next bond hearing.

27. Bhasker said that because both parties have jointly agreed to a 4-10 month sentence, he would recommend for the defendant to be released because the defendant had already served 5 months.

28. Bhasker said that the defendant's sentencing hearing he would recommend a time served sentence.

29. Bhasker told the defendant that he could be a positive example to kids and adults by speaking to different groups about his experience.

30. Bhasker told the defendant that if he signed the plea, he can go home to his family and have Thanksgiving dinner the following week. He told the defendant he wanted him home before Thanksgiving.

31. When the defendant asked the U.S. attorney if the Judge would decline his request to be released he said that it was a 90% chance that the Judge would allow for the defendant to be released based on the U.S. attorneys recommendation.

32. The U.S. attorney did not present any new evidence that consisted of phone conversations or a letter from the defendant. The same evidence that was presented by the defendant's attorney was presented by the U.S. attorney.

33. The defendant signed a plea at the FBI building Tuesday November 21, 2017.

34. The defendant entered a plea Wednesday November 22, 2017.

35. At the bond hearing held Tuesday December 5, 2017 the U.S. attorney told Judge Keesler that he did not oppose or agree to the defendant being released. The U.S. attorney did not recommend for the defendant to be released, as he said that he would to the defendant and his family.

36. The U.S. attorney remained neutral in saying that he did not oppose or agree to the defendant being released.

37. Judge Keesler denied the defense counsel's request to release the defendant.

III.  **Law**

38. Before accepting a plea of guilty or nolo contendere, the court must determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement).

   a) Federal Rules of Criminal Procedure. 11(b) (2)

   -Pleas, Considering and accepting a guilty or nolo contendere plea, Ensuring that a plea is

   Voluntary.

39. An attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement.

   a) Federal Rules of Criminal Procedure. 11(c) (1)

   -Pleas, Plea Agreement Procedure, In General

40. A defendant may withdraw a plea of guilty of nolo contendere after the court accepts the plea, but before it imposes a sentence if the defendant can show fair and just reason for requesting the withdraw.

   a) Federal Rules of Criminal Procedures. 11(d) (2) (b)

   -Pleas, withdrawing a guilty or nolo contendere Plea, 2, b.

41. The defendant in exchange for the concessions made by the United States in this plea agreement, waives all such rights to contest the conviction and/or sentence except for claims of (1) ineffective assistance of counsel or (2) prosecutorial misconduct. Plea Agreement pg. 5*20.

**IV.    The Court Should Withdraw the Defendant's plea due to Prosecutorial Misconduct**

42. The defendant's family was in no way party to case and should not have been asked to meet with the U.S. attorney, FBI agent, and defense attorney in combination to present evidence and discuss his plea. Such conduct upon information and belief was both unethical and unlawful.

   a) Violation of Federal rules of Criminal Procedure. 11 (c) (1)

   -Pleas, Plea Agreement Procedure, In General.

43. The U.S. attorney compelled the defendant to sign a plea by inducing the defendant and his family to believe that if he signed the plea, The U.S. attorney would recommend for the defendant to be released at this next bond hearing held two weeks later.

a) U.S. attorney Bhasker told the defendant's Mother and Brother, "I wanted him home before Thanksgiving. Well at least you all can have Thanksgiving dinner next week when he gets out."

b) Bhasker told the defendant, "If you sign the plea you can go home and have Thanksgiving dinner with your family next week. I wanted you to be home before Thanksgiving."

c) Bhasker told the defendant there is a 90% chance the judge would go with this recommendation of allowing the defendant to be released in which he clearly failed to recommend at the defendant's bond hearing (see 35 & 36 below).

d) The following ~~are:~~ upon information and belief, are both unethical and unlawful.

    1). Violations of Federal Rules of Criminal Procedure, 11(b) (2).

    -Pleas, Considering and accepting a guilty or nolo contendere plea, Ensuring that a plea is voluntary.

44. At the defendants bond hearing held Tuesday December 5, 2017 the U.S. attorney told Judge Keesler that he did not oppose or agree to the defendant being released at that the Government remained neutral. In the reverse proffer meetings the U.S. attorney misled the defendant and his family as to his actual intent regarding the defendant being released. He never told the defendant or his family that his recommendation for releasing the defendant would be neutral. He told the defendant and his family that he wanted the defendant home for Thanksgiving and the rest of the Holidays and that he would recommend for the defendant to be released at his bond hearing (Hearing Transcript can be subpoena at the courts discretion).

## V. Claims

U.S. attorney Bhasker, by unethical and potentially unlawful conduct has created a scenario where the defendant was compelled and or bribed during the plea negotiation process, thereby rendering the defendant's plea involuntary and or unintelligent. The plea negotiation process was improper and inappropriate. It needlessly and compulsively included the defendant's family and lead FBI agent. The U.S. attorney led the defendant and his family to believe that if the defendant signed the plea in exchange he would be released at his next bond hearing. He misled the defendant and his family that his actual intent was to remain neutral at the defendant's bond hearing.

## VI. Conclusion

Wherefore the defendant prays this court enter judgment declaring that there was prosecutorial misconduct on the part of Mr. Sanjeev Bhasker during the plea discussion and agreement process, and permitting the defendant to withdraw his plea.

## Certificate of Service

I hereby certify that the forgoing motions/petitions have been served by placing a copy of the same in the United States Postal Service mail, postage prepaid, and addressed as follows.

> Clerk of Court
>
> Federal Courthouse
>
> 401 W. Trade St. room 210
>
> Charlotte, NC 28202-1619

I declare under penalty of perjury that this certificate is true and correct to the best of my knowledge and belief.

This the 13th day of April, 2018

Jordan Lee Moore

*/s/ Jordan Lee Moore*

## Verification

I declare under penalty of perjury that the facts stated in the forgoing motions/petitions are true and correct to the best of my knowledge and belief.

I declare under penalty of perjury that this Verification is true and correct to the best of my knowledge and belief.

This the 13th day of April, 2018

Jordan Lee Moore

*/s/ Jordan Lee Moore*

RECEIVED CHARLOTTE, NC APR 17 2018 Clerk, US District Court Western District of NC

## Affidavit

I, Jordan Lee Moore, say and affirm:

I am the Petitioner in the foregoing motions.

I have read said motions and the facts stated therein are true and correct of my knowledge except as to matters stated "upon information and belief" where I am informed and believe them to be true.

I am competent to testify.

I am entitled to the relief requested.

I declared under penalty of perjury that this Affidavit is true and correct to the best of my knowledge and belief.

This the 13th day of April, 2018

Jordan Lee Moore

*Jordan Lee Moore*