## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 3:17-CR-181 |
| | ) | |
| JORDAN LEE MOORE | ) | |

### USA'S OPPOSITION TO DEFENDANT'S PRO SE MOTION TO WITHDRAW PLEA

 The United States of America, Plaintiff, by the United States Attorney for the Western District of North Carolina, files this response to Defendant **JORDAN LEE MOORE'S, ("Defendant"),** Pro Se Motion to Withdraw Plea. Defendant's Motion should be denied, as a matter of law.

 The reasons supporting the United States' position are fully explained in the memorandum attached hereto and incorporated herein by reference.

### PROCEDURAL/FACTUAL SUMMARY

1) On 06/21/2017, the Defendant was indicted for two (2) violations of 49 USC § 46503, Interference with Airport Security Screening Personnel. Each violation referenced a separate infraction at the CLT Douglas Airport, and each violation carried a potential maximum of 10-years imprisonment.

2) On or about 11/22/2017, Defendant entered into a written plea agreement with the United States, pleading guilty to one (1) of the aforementioned infractions. Defendant was admonished by the United States Magistrate Judge that the plea agreement was solely between the United States and the Defendant, **and not binding on the District Court**. Defendant acknowledged he understood this and entered a guilty plea in full compliance with Criminal Rule 11. As a result, the United States suspended its ongoing trial preparation, notified a multitude of witnesses of the disposition, and cancelled scheduled witness interviews and other trial preparation.

3) On 11/22/2017, the United States Magistrate Judge submitted his Report and Recommendations, recommending the United States District Court accept Defendant's guilty plea. Defendant did not object within the subsequent 14-days, nor did he file a motion to withdraw his guilty plea.

4) On 11/27/2017, the Defendant filed a motion to review his bond/detention. The Defendant's bond was previously revoked on 06/30/2017 for disrespectful conduct, including cursing at a US Probation Officer. On 12/05/2017, the US Magistrate Court denied this motion. The Defendant remained in custody.

5) On 01/29/2018, a final Pre-Sentence Report (PSR) was prepared and published. Defendant agreed with the PSR and did not object to the PSR.

6) On 03/22/18, the Defendant filed another bond review motion, effectively asking for a review of his bond/detention. On 04/02/2018, the US Magistrate Court denied this motion, and articulated, "sentencing in this matter will likely be set before Judge Conrad for April 11, 2018." Ultimately, this Honorable Court scheduled sentencing for 04/20/18.

7) On April 12, 2018, the Defendant wrote and filed a pro se letter and on April 13, 2018, a pro se motion, moving to withdraw his guilty plea. The Defendant signed his letter April 12, 2018, **one-day after the April 11, 2018 anticipated sentencing date**. The District Clerk received and docketed this letter on April 17, 2018. Subsequent to Defendant mailing his letter, as stated above, this Honorable Court has set sentencing for this Friday, April 20, 2018.

8) In Defendant's letter, he states, "I do not want this to harm my chances of going home on April 20, 2018 your [H]onor, as I do accept responsibility for the things I actually did."

9) The United States has since spoken with Defense Counsel. Defense Counsel agreed the United States has not in any way breached the plea agreement, nor committed any misconduct. As reflected in the plea agreement (and stated in the Crim. R. 11 colloquy), the District Court (and PSR calculation) is not bound by the plea agreement. Defendant's pro se motion is equivalent to an appeal of his bond revocation. Defendant fails to articulate any breach or reason to withdraw his plea.

## ARGUMENT

Wherefore, this Honorable District Court should deny Defendant's pro-se motion and proceed with sentencing. Allowing Defendant to withdraw his plea would be inconsistent with the precedent followed where Defendant is fully apprised of his rights through both his plea agreement and at his plea hearing. The plea agreement explained Defendant's rights and waivers. The United States Magistrate Judge further explained this agreement, and Defendant (with Defense Counsel present) stated he understood the District Court maintains its autonomy and discretion. This US Magistrate Court then filed its Report and Recommendation without any objections from the Defendant. Neither the Magistrate Court, Defense Counsel nor the United States made any promises regarding the Defendant's sentence, term of imprisonment, or bond conditions.

Defendant only files his pro se motion almost five (5) months after his guilty plea, after the finalized PSR report, and after his renewed motion for bond consideration was denied. Furthermore, Defendant files this motion only **after** April 11, 2018, his anticipated sentencing date. Additionally, Defendant again admits to his guilt in his written correspondence, stating, "…I do accept responsibility for the things I actually did." Defendant's frustrations are with his detention and bond revocation, and not the plea agreement. As both the United States and Defense counsel have addressed in sealed correspondence with this Honorable Court, Defendant entered a knowing, voluntary and intelligible plea. Wherefore, the United States respectfully moves this Honorable Court deny Defendant's Pro Se Motion to Withdraw Plea.

Respectfully submitted,

R. ANDREW MURRAY
United States Attorney

**/s/ SANJEEV BHASKER**
SANJEEV BHASKER
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of April 2018, the foregoing United States Brief in Opposition to Defendant's Pro Se Motion to Withdraw Plea was served electronically through ECF filing upon the defendant through his counsel of record:

Miranda J. Mills, Esq.
Counsel for Defendant Jordan Lee Moore

**s/ SANJEEV BHASKER**
Sanjeev Bhasker
Assistant United Stated Attorney

3